# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

LUIS GELPI                                              :
2063 E. Victoria Street                                 :
Philadelphia, PA                                        :
          Plaintiff,                        :
                             :        CIVIL ACTION No.

V.                                                      :
                             :        15-01974

CITY AND COUNTY OF PHILADELPHIA                         :
C/o City of Philadelphia Law Dept.                      :
One Parkway, 15th Floor                                 :
1515 Arch Street                                        :        JURY TRIAL DEMANDED
Philadelphia, PA 19103                                  :

POLICE OFFICER                                          :
William Redanauer (Badge No. 5833)                      :
Individually and in his official capacity               :
C/o City of Philadelphia Law Dept.                      :
1515 Arch Street, 14th Floor                            :
Philadelphia, PA  19102                                 :

POLICE OFFICER                                          :
Detective **Gilberto Ortiz**  (Badge No.974)            :
Individually and in official capacity                   :
1515 Arch Street, 14th Floor                            :
Philadelphia, PA  19102                                 :

POLICE OFFICER                                          :
**Maria Barbee** (Badge No. 4561),                      :
Individually and in official capacity                   :
C/o City of Philadelphia Law Dept.                      :
1515 Arch Street, 14th Floor                            :
Philadelphia, PA  19102                                 :

POLICE OFFICER                                          :
**Thomas Iarosis** (Badge No. 3230),                    :
Individually and in official capacity                   :
C/o City of Philadelphia Law Dept.                      :
1515 Arch Street, 14th Floor                            :
Philadelphia, PA  19102                                 :



FILED

AUG 20 2015



MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

1

POLICE OFFICER                                    :
**Joseph Flynn** (Badge No.5824)                 :
Individually and in official capacity            :
C/o City of Philadelphia Law Dept.               :
1515 Arch Street, 14th Floor                     :
Philadelphia, PA  19102                          :
                                                 :
                                                 :
POLICE OFFICER                                    :
**Robert Shaw** (Badge No.7280)                  :
Individually and in official capacity            :
C/o City of Philadelphia Law Dept.               :
1515 Arch Street, 14th Floor                     :
Philadelphia, PA  19102                          :


                                                 :
POLICE OFFICER                                    :
**Detective Michelle Yerkes** (Badge No. unknown), :
Individually and in official capacity            :
C/o City of Philadelphia Law Dept.               :
1515 Arch Street, 14th Floor                     :
Philadelphia, PA  19102                          :                    :
                                                 :
            :                                    :

                Defendants                       :

## [PLAINTIFF, LUIS GELPI'S FIRST AMENDED COMPLAINT]

**AND NOW**, here comes the Plaintiff, Luis Gelpi, by and through his Attorney, in this Civil Action seeking damages arising out of violations of his Constitutional Rights and to his person and property under Pennsylvania Tort Law, and in support thereof, [by stipulation and agreement, amends the original complaint in this matter], and sets forth the following allegations and claims:

## I.      JURISDICTION

1   This is a civil action seeking damages against the Defendants for acts constituting the deprivation of the Plaintiff's rights secured under Federal Law and the United States Constitution pursuant 42 U.S.C. §§ 1981, 1983, 1985, 1988 and under Pennsylvania Tort Laws.

2   Federal Jurisdiction is established under 28 U.S.C. §§ 1331, 1341, 42 U.S.C. §§ 1983, 1985, 1988 and supplemental jurisdiction over State law claims under 28 U.S.C. § 1367.

3   Venue is proper under 28 U.S.C. § 1391 because all claims herein arose within the jurisdiction of the United States District Court of the Eastern District of Pennsylvania and all parties reside or maintain their principle place of business is within the same jurisdictional boundaries. '

## II.      PARTIES

4.   Plaintiff incorporates by reference paragraphs 1 -3 of this complaint as fully set forth herein

5.   Plaintiff, Luis Gelpi, is an adult individual whose domicile and residence is within the city and municipality of Philadelphia, Pennsylvania.

6. Defendant, City and County of Philadelphia (hereinafter "Philadelphia") is a municipality organized by and through the Commonwealth of Pennsylvania that directs, manages and controls the Philadelphia Police Department ("PPD") and its customs, policies and practices, which employs all of named individual Defendants. At all relevant times the City of Philadelphia was the acting under the Color of State Law.

7. Defendant, Philadelphia Police Officer William Redanauer (Badge no. 5833), of East Warrant Division,  is a Philadelphia Police Officer employed by the Defendant Philadelphia, and at all times relevant hereto, was acting under the Color of State Law. Defendant Redanauer is being sued in his individual, supervisory, and all other official capacities as a Philadelphia Police Officer.

8. [Defendant, Philadelphia Police Officer, Detective **Gilberto Ortiz** (Badge No.974 ), [....],  is a Philadelphia Police Officer employed by the Defendant Philadelphia, and at all times relevant hereto, acted under the Color of State law.  Defendant Ortiz is being sued in his individual, supervisory, and all other official capacities as a Philadelphia Police Officer.]

9. [Defendant, Philadelphia Police Officer **Maria Barbee** (Badge No. 4561), [....] is a Philadelphia Police Officer employed by the Defendant Philadelphia, and at all times relevant hereto, acted under the Color of State law.  Defendant Barbee is being sued in his individual, supervisory, and all other official capacities as a Philadelphia Police Officer.]

10. [Defendant, Philadelphia Police Officer **Thomas Iarosis** (Badge Nos. 3230), [...],  is a Philadelphia Police Officer  employed by the Defendant Philadelphia, and at all times

relevant hereto, acted under the Color of State law. Defendant Iarosis is being sued in his individual, supervisory, and all other official capacities as a Philadelphia Police Officer.]

11. [Defendant, Philadelphia Police Officer **Joseph Flynn** (Badge No. 5824), […], is a Philadelphia Police Officer employed by the Defendant Philadelphia, and at all times relevant hereto, acted under the Color of State law. Defendant Flynn is being sued in his individual, supervisory, and all other official capacities as a Philadelphia Police Officer.].

12. [Defendant, Philadelphia Police Officer **Robert Shaw** (Badge No. 7280), […], is a Philadelphia Police Officer employed by the Defendant Philadelphia, and at all times relevant hereto, acted under the Color of State law. Defendant Flynn is being sued in his individual, supervisory, and all other official capacities as a Philadelphia Police Officer.]

13. [Defendant, Philadelphia Police Officer , Detective **Michelle Yerkes** (Badge No. Unknown […], is a Philadelphia Police Officer employed by the Defendant Philadelphia, and at all times relevant hereto, acted under the Color of State law. Defendant Flynn is being sued in his individual, supervisory, and all other official capacities as a Philadelphia Police Officer.]

## III.   FACTS

14. Plaintiff incorporates by reference paragraphs [1 -13] of this complaint as fully set forth herein.

15. The incident alleged in this complaint occurred on/or about May 8, 2013 at the home of Luis Gelpi and his family, located at 2063 Victoria Street in Philadelphia, PA. (The Gelpi Home).

16.  [Prior incidents,  given rise to this action occurred within a period of time approximately two to three months prior to the execution of the alleged warrant om May 8, 2013, where previous searches and investigations of the Gelpi home occurred.]

17. At the time of the incident, Mr. Gelpi was relaxing in his home with his wife, Bonnie Gelpi, and their three (3) minor daughters.

18. At the time of the incident, Mr. Gelpi had an injured right arm, which was in a full cast.

19. Mr. Gelpi supported his family, and was gainfully employed as a mover for "Hammer Moving and Storage".

20. At the time of the incident, the PPD was looking for Mr. Gelpi's brother, Juan Gelpi (Hereinafter "Juan"). It is reasonably believed that East Warrant Division was assigned to executing an arrest warrant [or arresting Juan for allegations of Aggravated Assault and related charges.]

21. Philadelphia Police Officers, repeatedly harassed Mr. Gelpi and members of his family at the Gelpi home. It is reasonable believed that the PPD [had attempted to apprehend Juan, Mr. Gelpi's brother, at the Gelpi residence on several previous incidents.]

22. Prior to the incident, the PPD were repeatedly advised by Mr. and Mrs. Gelpi that Juan did not reside at the Gelpi home.

23. [Based on previous investigations,]  there was absolutely no evidence that the Gelpi family was harboring a fugitive.

24. Despite previous, unwarranted harassment, days prior to the incident, Mrs. Gelpi cooperated and allowed members of the PPD to enter and search her and Mr. Gelpi's home without a warrant.

25. During these prior searches, the PPD recovered absolutely no evidence to infer that Juan ever resided at the Gelpi home, or that further investigation and harassment of the Gelpi's would lead to more information and/or the location of Juan.

26. Approximately a day or two later, on May 8, 2013, the Individual Defendant Officers came looking for Juan , again at the Gelpi home, as part of a police investigation.

27. On this occasion, Mr. Gelpi, demanded that the Police Officers named herein produce a warrant, or go away and stop harassing his family and disrupting his life.

28. In response, one of the Defendant Officers, ordered Mr. Gelpi to "open the fucking door".

29. Mr. Gelpi justifiably demanded that the individually-named defendants produce a warrant.

30. Rather than obtaining and/or showing a warrant, the Defendant Officers broke the front door and forcibly entered the Gelpi home.

31. Thereafter, Defendants  Redanauer [and  Iarosis] forcibly grabbed Mr. Gelpi off the family couch, and forcefully threw him to the floor in front of his wife and children.

32. Defendant Redanauer repeatedly punched Mr. Gelpi in the head, face and back and twisted Mr. Gelpi's injured and casted arm, [while another Officer] forcibly drove his knee into Mr. Gelpi's back. [The Plaintiff reasonably believes that the other officer is Defendant Iarosis.]

33. During the physical beating and restraint of Mr. Gelpi, Mrs. Gelpi was pleading with the Defendants Redanauer and [Iarosis] to stop beating her husband

34. Mrs. Gelpi tried to explain that Mr. Gelpi was not Juan and tried to show any Defendant Police Officer Mr. Gelpi's driver's license in order to verify his identity.

35. [The other herein-named, individual defendants participated in physically throwing and restraining Mr. Gelpi on the floor,] and stood by and did nothing to intervene or prevent the unlawful entry and search of the Gelpi home, or the unlawful use of force and beating of Mr. Gelpi's body.

36. During this time, the Individually-named defendants searched the Gelpi home.

37. The whole time Mr. Gelpi was being physical beaten and restrained; Mr. Gelpi was demanding or asking to see a warrant.

38. Mr. Gelpi was also repeatedly warning the Defendant Officers that he intended to report the incident to Internal Affairs.

39. At some point after Mr. Gelpi was beaten, and the illegal search of the Gelpi home, [one of the Defendant Officers] announced "oh it's not him."

40. After being released, Mr. Gelpi, once again, warned that he was going to report the incident.

41. In response, [one of the Defendant Officers] smiled and stated to Mr. Gelpi: "that's why you got your ass beat".

42. [Defendant, Detective Michelle Yerkes, was assigned officer to the investigation, charges and arrest warrant regarding Juan Gelpi.]

43. Mr. Gelpi reported the incident under Citizen Complaint Number 27107.

44. Neither Internal Affairs nor the PPD has contacted Mr. Gelpi or his family with regard to his prompt complaint and the underlying incident alleging police misconduct.

45. The Individual Defendant Officers acted on a custom, policy and/or practice of unchecked and unmonitored discretion, and impunity with regard to use of police power and tactics involving warrants, searches, seizures arrests and investigations.

46. The individual Defendant Police Officers have a history of violating the Constitutional Rights of citizens in a specifically similar manner and pattern, specifically with regard to the execution of warrants.

47. At all times relevant hereto, the Defendant City of Philadelphia, was charged with the responsibility and duty of testing, hiring, training, monitoring, supervising and disciplining the individually named defendant Police Officers and all other employees of the PPD.

**IV.    CAUSES OF ACTION**

**COUNT 1**

**DUE PROCESS UNDER THE 4TH AND 14TH AMENDMENT**

**42 U.S.C. §§ 1983, 1985, 1988; as to Defendant Philadelphia**

48. Plaintiff incorporates by reference paragraphs [1 – 47] of this complaint as fully set forth herein.

49. By a history of complaints and Internal Affairs files regarding the Defendant Police Officers, Defendant Philadelphia knew or should have known that the Individual Defendant Police Officers were routinely and systematically violating the Constitutional Rights of Philadelphia Citizens, by use of warrantless searches, searches and seizures without probable cause and/or reasonable suspicion, searches without any justifiable exigent circumstance, and use of unlawful and excessive force.

50. Defendant Philadelphia failed to properly monitor Internal Affairs with deliberate indifference, and knew or should have known that the Internal Affairs routinely and systematically facilitates the violation of Constitutional Rights and police misconduct by

failing to properly investigate allegations similar to as alleged herein, and the Defendant Police Officers.

51. [Defendant Philadelphia has a custom, policy and practice of permitting and authorizing the entry and investigation of citizens' homes an unlimited number of times despite having knowledge that persons named in a warrant or investigation no longer resides at a particular address.]

52. Defendants Philadelphia continued to tacitly approve, permit, and/or treat with deliberate indifference custom, policy and practice of the herein alleged illegal conduct of Police Officers.

53. Defendant Philadelphia continues to fail with deliberate indifference to its obligation to supervise, monitor and/or implement a policy of meaningful discipline and/or investigation regarding Constitutional violations, and unlawful conduct by Police Officers.

54. Insufficient independent and objective oversight, auditing  monitoring, training supervising , disciplining and training  by the Defendants Philadelphia and Ramsey in what constitutes a sufficient basis for a warrantless entry and search, a lawful search and seizure, exigent circumstances,  and a lawful use of force proximately caused and facilitated the abuse of police power, and thus was the proximate cause of the herein-alleged violations Mr. Gelpi's  Constitutional Rights protected under the 4th and 14th Amendments.

55. As a direct and proximate result of the aforementioned, and /or deliberate indifference thereto, Mr. Gelpi was deprived of his rights to be secure in his, house, person, property, effects, bodily integrity, privacy, to be free of unreasonable searches and seizures,

unlawful detention, warrantless searches except on probable cause all protected under Due Process of Law by the 4th and 14th Amendments of the United States Constitution through 42 U.S.C. §§ 1981, 1983, 1985, 1988.

56. As a direct and proximate result of Defendant Philadelphia's conduct, Mr. Gelpi was deprived of his Constitutional rights and sustained pain, injury, emotional distress, financial loss, all to the Mr. Gelpi's detriment, some of which may be permanent.

**WHEREFORE**, Plaintiff requests judgment against the Defendants for compensatory damages in an amount in excess of $150,000.00, and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees, and any such other relief as this Honorable Court may deem just.

## COUNT 2

## RIGHT TO FREE SPEECH UNDER THE FIRST AMENDMENT

## <u>42 U.S.C. §§ 1981, 1983, 1985, 1988; as to Philadelphia</u>

57. Plaintiff incorporates by reference paragraphs [1 – 56] of this complaint as fully set forth herein.

58. The ability of citizens to freely protest the violation of their Constitutional Rights and freely seek redress without fear of retaliation is a serious matter and of substantial public concern.

59. Defendant Philadelphia knew or should have known that the Individual Defendant Police Officers were routinely and systematically violating the Constitutional Rights of individuals by retaliating against citizens for voicing their Constitutional Rights, expressing their opinion, and complaining to the public and Internal Affairs about police misconduct.

60. The Defendant Philadelphia is deliberately indifferent to a custom of warrantless searches, excessive force, and continued harassment of citizens in execution of body warrants.

61. Defendant Philadelphia knew or should have known that Internal Affairs routinely and systematically violates the Constitutional Rights of individuals by deliberately failing to investigate allegations of retaliation against citizens who voice their Constitutional Rights.

62. Defendant Philadelphia continues to tacitly approve, permit, and/or treat with deliberate indifference the herein alleged illegal conduct of the Individual Defendant Police Officers.

63. As a direct and proximate result of all the aforementioned conduct, custom, policy and/or practice, Mr. Gelpi was deprived of his Right to Freedom Speech protected by the First Amendment through 42 U.S.C. §§ 1981, 1983, 1985, 1988

64. As a direct and proximate result of Defendant Philadelphia's conduct, Mr. Gelpi was deprived of his Constitutional rights and sustained pain, injury, emotional distress, financial loss, all to the Mr. Gelpi's detriment, some of which may be permanent.

**WHEREFORE,** Plaintiff requests judgment against the Defendant for compensatory damages in an amount in excess of $150,000.00, and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees, and such other relief as this Honorable Court may deem just

## COUNT 3.

## DUE PROCESS

### 42 U.S.C. §§ 1981, 1983, 1985, 1988; as to all Individually-named Police Officers

65. Plaintiff incorporates by reference paragraphs [1 -64] of this complaint as fully set forth herein.

66. The Defendant Police Officers conspired and independently acted to  violate  Mr. Gelpi's 4th and 14th Amendment Rights to be secure in his home, and to be free of  unreasonable Search and Seizure without  a valid warrant or without probable cause, by forcibly entering and searching  the Gelpi home as described herein.

67. [The Defendant Police Officers conspired and independently acted to  violate  Mr. Gelpi's  4th and 14th Amendment Rights to be secure in his home, and to be free of unreasonable Search and Seizure, by forcibly entering and searching  the Gelpi home as described herein after previous investigations and searches were conducted indicating that Juan Gelpi did not reside at the Gelpi residence, and no evidence was obtained to indicate that he could be found there.]

68. Defendants Redanauer [and Iarosis,  along with the other named Defendants] violated Mr. Gelpi's 4th and 14th Amendment Right to Liberty, to be secure in his house, property, person, effects, bodily integrity, and to be free of unreasonable searches and seizures, by deliberately entering Mr. Gelpi's home without a valid warrant and/or probable cause, or exigent circumstances, and thereafter physical restraining, and applying unjustified and excessive physical force to Mr. Gelpi's body.

69. As a direct and proximate result of Defendants' conduct, Mr. Gelpi was deprived of his

Constitutional rights and sustained pain, injury, emotional distress, financial loss, all to

the Mr. Gelpi's detriment, some of which may be permanent.


**WHEREFORE**, plaintiff requests judgment against the defendant for compensatory

damages in an amount in excess of $150,000.00, and punitive damages in an amount in

excess of $150,000.00, plus interest, costs, attorney's fees, and such other relief as this

Honorable Court may deem just.


## COUNT 4.

### FIRST AMENDMENT FREEDOM OF SPEECH

### 42 U.S.C. §§ 1983, 1985, 1988; [as to all Individually-named Police Officers]

70. Plaintiff incorporates by reference paragraphs [1 -69] of this complaint as fully set forth

herein.

71. Defendants Redanauer and [Iarosis] deliberately retaliated, assaulted, battered, and

restrained Mr. Gelpi in retaliation to Mr. Gelpi verbally invoking his Constitutional

Rights, complaining that the Defendant Police Officers violated his Constitutional Rights

and that he intended to report the incident to Internal Affairs.

72. One of the Individually-named Defendants, in the presence others, inferred that Mr.

Gelpi's beating was a consequence of protesting the unlawful entry and search of his

home and expressing his intent to report the incident.

14

73. As a direct and proximate result of Defendants' conduct, Mr. Gelpi was deprived of his Constitutional rights and sustained pain, injury, emotional distress, financial loss, all to the Mr. Gelpi's detriment, some of which may be permanent.

**WHEREFORE**, plaintiff requests judgment against the defendant for compensatory damages in an amount in excess of $150,000.00, and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees, and such other relief as this Honorable Court may deem just.

### COUNT 5.

### ASSAULT AND BATTERY
### Pendant State Law Claim [as to all Individually-named Police Officers]

74. Plaintiff incorporates by reference paragraphs [1 -73] of this complaint as fully set forth herein.

75. Defendants Redanauer  and [Iarosis] committed battery in violation of the laws of Pennsylvania by using unjustified and excessive force in the form of forcibly shoving, restraining, and punching  Mr. Gelpi, all of which conduct constitutes malicious, willful, intentional, harmful and offensive contact that caused severe physical and mental injury.

76. Defendants Redanauer and [Iarosis] committed assault through the herein-described acts in this complaint which caused the Mr. Gelpi apprehension of malicious, intentional, willful and harmful offensive contact.

77. [All of the individually-named Defendants committed the same tortious conduct by actively engaging in the physical restraint and use of force on Mr. Gelpi, or by failing to intervene.]

15

78. As a direct and proximate result of Defendants' conduct, Mr. Gelpi was deprived of his Constitutional rights and sustained pain, injury, emotional distress, financial loss, all to the Mr. Gelpi's detriment, some of which may be permanent.

**WHEREFORE**, plaintiff requests judgment against the defendant for compensatory damages in an amount in excess of $150,000.00, and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees, and such other relief as this Honorable Court may deem just.

## COUNT 6.

### FALSE ARREST AND FALSE IMPRISONMENT

### Pendant State Law Claim [as to all Individually-named Police Officers]

79. Plaintiff incorporates by reference paragraphs [1 – 78] of this complaint as fully set forth herein.

80. By the acts and conduct incorporated herein, defendants Redanauer and Iarosis committed false arrest and/or false imprisonment in violation of the laws of Pennsylvania by maliciously, and willfully detaining and restraining the plaintiff's body from movement in all directions without the plaintiff's consent or under authority of law.

81. [All of the individually-named Defendants commit the same tortious conduct by actively engaging in the physical restraint and use of force on Mr. Gelpi, or by failing to intervene.]

82. As a direct and proximate result of Defendants' conduct, Mr. Gelpi was deprived of his Constitutional rights and sustained pain, injury, emotional distress, financial loss, all to the Mr. Gelpi's detriment, some of which may be permanent.

**WHEREFORE**, plaintiff requests judgment against the defendant for compensatory damages in an amount in excess of $150,000.00, and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees, and such other relief as this Honorable Court may deem just.

## COUNT 7.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## Pendant State Law Claim [as to all Individually-named Police Offcers]

83. Plaintiff incorporates by reference paragraphs [1-82] of this complaint as fully set forth herein.

84. The acts and conduct all individually named Defendant Police Officers, individually and in furtherance, concert and conspiracy, incorporated herein constitutes extreme and outrageous conduct that is beyond the bounds of conduct tolerated by civilized society such that they violate basic concepts of human decency and shock the conscience of society.

85. As a direct and proximate result of Defendants' conduct, Mr. Gelpi was deprived of his Constitutional rights and sustained pain, injury, emotional distress, financial loss, all to the Mr. Gelpi's detriment, some of which may be permanent.

**WHEREFORE**, plaintiff demands judgment against the defendant for compensatory damages in an amount in excess of $150,000.00, and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees, and such other relief as this Honorable Court may deem just.

## COUNT 8

## CIVIL CONSPIRACY

## Pendant State Law Claim [as to all Individually-named Police Officers]

86. Plaintiff incorporates by reference paragraphs [1 – 85] of this complaint as fully set forth herein.

87. Based on the aforementioned acts, omissions and conduct, the Individually-named Defendants committed Civil Conspiracy in violation of Pennsylvania State Law.

88. The herein-alleged Civil Conspiracy is based in Civil Cause of action(s) under 42 U.S.C. § 1981, 1983 et seq., and the aforementioned Counts alleging substantive violations of Tort Law recognized by the Commonwealth of Pennsylvania.

89. The Defendant Police Officers  combined and/or agreed to intentionally commit the aforementioned violations of the Constitution, unlawful acts and or omissions  used the aforementioned unlawful means in order to facilitate the aforementioned unlawful purpose(s), and or with knowledge that the harm herein would be the likely result.

90. As a direct and proximate result of Defendants' conduct, Mr. Gelpi was deprived of his Constitutional rights and sustained pain, injury, emotional distress, financial loss, all to the Mr. Gelpi's detriment, some of which may be permanent.

**WHEREFORE**, Plaintiff requests judgment against the Defendant for compensatory damages in an amount in excess of $150,000.00, and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees, and such other relief as this Honorable Court may deem just.

## II.     DAMAGES RELIEF

91. Plaintiff incorporates by reference paragraphs [1-90] of this complaint as fully set forth

herein.                                                                                          .

92.  As the proximate result of the acts committed by all of the defendants under the color of

state law in violation of 42 U.S.C. §§ 1981, 1983, 1985, 1988, and in violation of

Pennsylvania Tort Law the plaintiff's suffered damages, not limited to the deprivation of

his Constitutional Rights, substantial pain, humiliation, physical and psychological

injury, economic loss, and deprivation of the plaintiff's civil rights, some of which may

be permanent.

**WHEREFORE,** the plaintiff respectfully requests judgment in favor of the plaintiff as to

all counts  and award the plaintiff compensatory and punitive damages against all defendants,

attorney's fees and costs, all applicable interest, and any suck other relief that the Court

deems appropriate.

## III.     JURY DEMAND

93. Plaintiff incorporates by reference paragraphs [1 –92] of this complaint as fully set forth

herein.

94. On all the counts, facts and claims herein asserted, the plaintiff hereby demands a trial by

jury.

8/5/15

Respectfully Submitted,

*Brian F. Humble*
Brian F. Humble, Esquire
Bar ID: 88887
1500 JFK Blvd, suite 1313
Philadelphia, PA  19102
(215) 501-6356
Fx: (215) 525-1340